TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MORRIS, *ET AL.*, PLAINTIFFS-APPELLANTS, v. BOARD OF EDUCATION OF THE TOWNSHIP OF MORRIS, *ET ALS.*, DEFENDANTS-RESPONDENTS.

Argued January 24, 1972—Decided February 22, 1972.

*Mr. John M. Mills* argued the cause for the plaintiff Township Committee of the Township of Morris (*Messrs. Mills, Doyle, Hock & Murphy,* attorneys).

*Mr. Arthur B. Hanson* of the Washington, D. C. bar argued the cause for the intervenors James Nile and James V. Carver (*Mr. Anthony Ambrose,* attorney; *Messrs. Hanson, O'Brien, Birney, Stickle & Butler,* and *Mr. Ralph N. Albright, Jr.,* of the Washington, D. C. bar, of counsel).

*Mr. Stephen B. Wiley* argued the cause for the defendants Morristown and Regional Boards of Education (*Mr. Jeffrey L. Reiner,* on the brief).

*Mr. Arnold H. Chait* argued the cause for the defendant Board of Education of the Township of Morris.

*Mr. Gordon J. Golum,* Deputy Attorney General, argued the cause for the defendant Commissioner of Education of the State of New Jersey (*Mr. George F. Kugler, Jr.,* Attorney General, attorney; *Mr. Stephen L. Skillman,* Assistant Attorney General, of counsel).

PER CURIAM: On June 25, 1971 this Court handed down its comprehensive opinion in *Jenkins, et al. v. Tp. of Morris School Dist. and Bd. of Ed., et al.,* 58 *N. J.* 483. We there detailed the special circumstances, including the existing and impending severe racial imbalance in the schools of the essentially single Morristown-Morris Township community, which pointed to the urgent need for merging the Town and Township school districts and to the absence of any likelihood of a voluntary merger under the consensual and referenda procedures set forth in *N. J. S. A.* 18A:13–34. And we there found, *inter alia,* that under the broad powers vested in him pursuant to State constitutional and statutory law, the Commissioner of Education could mandate a merger of the Town and Township districts on his own, if he found such course "necessary for fulfillment of the State's educational and desegregation policies in the public schools." 58 *N. J.* at 508. The Commissioner readily and properly understood that our opinion gave explicit recognition to an alternate method of achieving merger in a compelling situation such as that presented by the Morristown-Morris Township community, namely, a compulsory merger by direction of the Commissioner without the local procedural incidents of a voluntary merger under *N. J. S. A.* 18A:13–34.

After meeting jointly and separately and with the County Superintendent of Schools, the Boards of Education of the Town and the Township adopted resolutions on July 26, 1971 in which they recommended to the Commissioner that, without any further local procedures, he direct a K-12 merger of the two districts into a regional district to become fully effective as of July 1, 1972. Both Boards also recommended that the allocation of costs between the component

municipalities of the regional district be on the basis of apportionment valuations rather than on pupil enrollment. *Cf. N. J. S. A.* 18A:13–34; *N. J. S. A.* 18A:13–23; *N. J. S. A.* 18A:13–25. In a newsletter the Township Board of Education set forth the reasons which impelled this choice. It considered that it was the "fairest method," and it also considered that the trend evidenced by the recent rise of the Township's school population "from 45 per cent to 60 per cent" would continue and the trend evidenced by the recent decline in the Township's per cent of assessed valuation would continue in view of "major construction contemplated in Morristown." In the light of all this it expressed the view that allocation of costs on the basis of apportionment valuations was best calculated to serve the Township residents in the long run even though at the moment the aggregate Township valuations slightly exceeded the aggregate Town valuations.

On July 28, 1971 the Commissioner entered an order which created "an all purpose regional school district for all the school purposes of the Town of Morristown and the Township of Morris." He directed that the regional district shall function in the same manner as if created by voluntary merger and that the amounts to be raised for annual or special appropriations "shall be apportioned upon the basis of apportionment valuations as defined in Section 54:4–49 of the Revised Statutes as if so determined by referendum under *R. S.* 18A:13–34, subject to change in the manner provided by law." See *N. J. S. A.* 18A:13–25; *cf. N. J. S. A.* 18A:13–23. Thereafter the County Superintendent appointed an interim regional school board, an administrative staff was hired and engaged in the necessary preparations for the integration of the facilities of the Town and Township Boards, and on February 1, 1972 a regional school board election was held.

On September 13, 1971 the Township Committee of the Township of Morris filed a complaint in the Law Division naming the Boards of Education of the Town and Township

along with the Regional Board and the Commissioner of Education as defendants. The complaint did not attack the compulsory merger or the creation of the Regional Board but did attack that portion of the Commissioner's order which determined that the amounts to be raised for annual or special appropriations for the regional school district shall be on the basis of apportionment valuations. The complaint alleged that the Commissioner had no authority to make such a determination and that under *"N. J. S. A.* 18A:13–34 only the voters have such authority." It further alleged that at the commencement of the regional district "the Township of Morris will be paying 1.8% more than the Town of Morristown" and that accordingly the Township voters should have the "absolute right to make such determination in accordance with *N. J. S. A.* 18A:13–34." The complaint sought a declaration that the Commissioner's direction that the taxes be apportioned on the basis of apportionment valuations is illegal, an order that a school election be held on the matter of apportionment, and a restraint against the Regional Board and the Commissioner.

In the Law Division Judge Waugh permitted James Nile and James V. Carver, residents and taxpayers of Morris Township, to intervene in support of the Township's complaint. He declined to permit them to broaden the litigation or reargue matters determined by *Jenkins,* and his order permitting their intervention expressly provided that it shall not have the effect of "enlarging the scope of the issues in the case as filed by the Township Committee of the Township of Morris." Judge Waugh denied interlocutory relief to the plaintiffs and granted a motion to transfer the cause to the Appellate Division. In the Appellate Division the Morristown and Regional Boards of Education moved to dismiss the complaint, which may now be viewed as an appeal from an administrative determination under *R.* 2:2–3, and also moved before this Court for certification. On December 21, 1971 we granted certification and the matter was duly argued on January 24, 1972.

We are entirely satisfied that the appeal presents nothing which calls for judicial intervention. It is grounded on the erroneous notion that the requirement in *N. J. S. A.* 18A:13–34, 35 for an affirmative vote by the voters of each of the constituent municipalities is applicable to the merger directed by the Commissioner. That requirement applies only a voluntary merger and has no application whatever to a compulsory merger directed by the Commissioner in the exercise of his lawful powers as found in *Jenkins*. Indeed if it were applicable it would disable effective action towards fulfillment of the State's educational and desegregation policies in the compelling situation presented by the Morristown-Morris community and would nullify the very holding in *Jenkins*.

Since *N. J. S. A.* 18A:13–34 is not applicable, the Commissioner's determination as to allocation of the costs is not governed by any requirement in our statutes for prior voter approval. Nor is there any requirement for prior voter approval in our State Constitution, or for that matter in the Federal Constitution. See *Detroit Edison Co. v. East China Tp. School Dist.*, 247 *F. Supp.* 296 (*E. D. Mich.* 1965), *aff'd,* 378 *F. 2d* 225 (6 *Cir.*), *cert. denied,* 389 *U. S.* 932, 88 S. Ct. 296, 19 *L. Ed. 2d* 284 (1967); *Nile and Carver v. Board of Education of Township of Morristown, et al.* (*D. N. J.* Jan. 12, 1972); *cf. Adams v. City of Colorado Springs,* 308 *F. Supp.* 1397 (*D. Colo.*), *aff'd mem.,* 399 *U. S.* 901, 90 S. Ct. 2197, 26 *L. Ed. 2d* 555, *reh. denied,* 400 *U. S.* 855, 91 S. Ct. 25, 27 *L. Ed. 2d* 93 (1970); see also *Bd. of Ed. of Elizabeth v. City Coun. of Elizabeth,* 55 *N. J.* 501 (1970); *Bd. of Ed., E. Brunswick Tp. v. Tp. Council, E. Brunswick,* 48 *N. J.* 94 (1966); *Jersey City v. Martin,* 126 *N. J. L.* 353, 361 (*E. & A.* 1941).

The Commissioner's determination as to the allocation of the costs was reasonable and was well within the ambit of his powers. It was in line with the goals of *Jenkins* and with the spirit of *N. J. S. A.* 18A:13–23 and it gave due recognition to the availability of later change under *N. J. S. A.*

18A:13–25. It coincided with the recommendations of both Boards and the further expressions of the Township's Board. There is nothing in the record which either evidences or charges unreasonableness nor is there anything to rebut the customary presumption of administrative validity. See *Flanagan v. Civil Service Department,* 29 *N. J.* 1, 12 (1959); *Thomas v. Bd. of Ed. of Morris Township,* 89 *N. J. Super.* 327, 332 (*App. Div.* 1965), *aff'd,* 46 *N. J.* 581 (1966).

In the light of all of the foregoing, we find that the Commissioner's order was lawfully entered and that it is invulnerable to the attack made in the present appeal; accordingly it is:

Affirmed, without costs.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL and SCHETTINO—5.

*For reversal*—None.